FILED
AUG - 8 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. **4:19CR00623 RWS/DDN** |
| v. ) | |
| ) | |
| GEORGE BAKER, ) | |
| ) | |
| Defendant. ) | |

### MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its Attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Sirena Miller Wissler, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As and for its grounds, the Government states as follows:

As a preliminary matter, it is crucial to note that Count I of the Indictment in the instant case charges defendant Baker with an offense that triggers a rebuttable presumption of detention. Title 18, United States Code, Section 3142(e)(3) provides:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed ---- (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46; [or] (B) an offense under section 924(c), 956(a), or 2332b of this title.

1

18 U.S.C. §3142(e)(3). Here, Count I alleges a violation of the Controlled Substances Act, the maximum penalty for which exceeds ten years. As a result, the statutory presumption of detention applies.

Subsection (f) of Section 3142 provides in pertinent part that "upon motion of the attorney for the Government, in a case that involves. . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," the Court "shall hold a hearing to determine whether any condition or combination of conditions. . . will reasonably assure the appearance of such person as required. . ." 21 U.S.C. §3142(f). The government submits that defendant Baker constitutes both a risk of flight and a danger to the community.

The government readily concedes that despite the statutory presumption of detention associated with the instant case, the burden of proof remains with the government. "'[I]n a presumption case such as this, a defendant bears a limited burden of production - not a burden of persuasion - to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight.'" *United States v. Abad*, 350 F. 3d 793, 797 (8th Cir. 2003), *citing United States v. Mercedes*, 254 F. 3d 433, 436 (2nd Cir. 2001). However, it is well-settled that "'[o]nce a defendant has met his burden of production. . ., the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* Section 3142(g) outlines the other factors the Court must consider.

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of

    section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
 **(2)** the weight of the evidence against the person;
 **(3)** the history and characteristics of the person, including--
    **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
 **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). The government shall consider each of these factors in turn.

  **i.**  **The offense charged involves controlled substances.**

  Title 18, United States Code, Section 3142(g) first requires that this Court consider the nature and characteristics of the offense(s) charged, including whether any is a crime involves a controlled substance or a firearm. 18 U.S.C. § 3142(g). In the instant case, defendant Baker is charged in Count I with Distribution of a Controlled Substance. Count I further alleges that a death resulted from the use of the substance distributed by defendant. This offense carries a mandatory minimum term of 20 years. Certainly, no reasonable person could suggest that these offenses do not "involve a controlled substance" as contemplated by Section 3142(g).

3

Not only does the offense charged "involve a controlled substance," it involved the seizure of a firearm. After police conducted two controlled purchases of fentanyl from Baker, they obtained and executed a search warrant at his residence. During the course of the search, police located and seized a Glock semi-automatic handgun with an extended magazine. In addition, police seized a high-capacity "drum" magazine capable of holding 50 rounds of ammunition. This "drum" magazine fit the Glock semi-automatic handgun. Because the offense charged involves both controlled substances and a firearm, the first of the § 3142(g) factors weighs in favor of detention.

### ii.     The weight of the evidence against Basler is strong.

Section 3142(g) next requires the Court to consider the weight of the evidence against the defendant. *See, United States v. Apker*, 964 F. 2d 742, 744 (8th Cir. 1992). In the instant case, the government submits that the evidence against defendant Baker is extremely strong. The government's case against Baker finds support in witness statements, telephone records, controlled purchases of fentanyl, and physical evidence seized during the execution of the search warrant at Baker's residence. In addition, the government has obtained (via search warrant) geo-location information for Baker's telephone. This geo-location information places Baker's telephone in the location of the transaction resulting in the victim's death. Lastly, upon his arrest, Baker waived his *Miranda* rights and agreed to make a statement. In a video-recorded interview, Baker admitted that he had been selling "heroin" for approximately 3 months. He later revised that statement, indicating that he had been selling since March 2018. Baker went on to explain that he purchased heroin that had already been "broken down" and pressed into capsules. He advised that as he became more experienced, he purchased a coffee grinder, pill press, and other items with the intent to package the heroin himself in the future. Baker gave

4

inconsistent explanations for the presence of white powder in the coffee grinder seized from his residence, first claiming that he used it to "grind rock heroin" into powder, and then claiming that he had never used the coffee grinder at all.

When asked about the number of people to whom he was selling "heroin," Baker initially claimed that he sold to only "1 or 2" people, before finally admitting that he was unsure how many customers he had. He admitted that the cell phones seized from his residence belonged to him, including the telephone for which records establish his communications with the victim and the confidential informant who conducted the controlled purchases.

Not only did Baker provide incriminating information regarding his own conduct, so too did his girlfriend (and mother of his children). Z.V. (whose identity is known to the Florissant Police Department and the government) gave a recorded interview in which she advised that Baker had been selling "heroin" for approximately "four months" prior to the interview, which occurred in August 2018. According to Z.V., Baker sold "heroin" out of the rear door of their residence to make extra money.

Because the weight of the evidence against Baker is strong, the second factor proscribed by Section 3142(g) weighs in favor of detention.

### iii.     Baker's history and characteristics.

This Court must next consider Baker's personal history and characteristics. This analysis must include an examination of Baker's "physical and mental condition." 18 USC § 3142(g)(3). At the time of this filing, the government has not received a written report from the Pre-Trial Services Office. As a result, the government is ill-informed as it pertains to Baker's physical and mental condition. The government shall defer to the Pre-Trial Service's Office's findings in that regard.

A second component of Section 3142(g)(3)(A) requires the Court to examine Baker's "family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." Once again, in the absence of the Pre-Trial Services Report, much of this information is unknown to the government. The government would also note that at the time she was arrested by the United States Marshals Service on July 31, 2018, Basler admitted to having smoked marijuana shortly before retiring to bed.

### iv. It does not appear that Baker was on probation, parole, release, or other supervision at the time of the offenses charged.

Section 3142(g)(3)(B) requires the Court to consider whether Basler was on probation, parole, or other supervision (including release) at the time of the offense(s) charged in the Indictment. Based upon the government's limited information, it does not appear as though Baker was subject to any such supervision in June 2018 (the date on which the charged offenses are alleged to have occurred).

### v. Baker presents a danger to the community at large if he were to be released.

Pursuant to Section 3142(g)(4), the Court must last consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." The government hereby incorporates by reference the entirety of its argument above and submits that the activities in which Baker engaged in June 2018 and before constitute a danger to the community and there are no conditions or combination of conditions that would reasonably assure its safety if she were to be released.

## **CONCLUSION**

WHEREFORE, the Government requests this Court to order defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of defendant's initial appearance.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


/s/ *Sirena Miller Wissler*
SIRENA MILLER WISSLER #55374MO
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, MO 63102